## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TIMOTHY MONCIER, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPTUMRX, INC | ) | |
| and BRIOVARX, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants OptumRx, Inc. and BriovaRx, LLC (collectively, the "Defendants"), by and through their undersigned counsel, and hereby provide notice pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 of removal of the above-captioned case from the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District to the United States District Court for the Western District of Tennessee.  The grounds for removal are as follows:

1.      On November 29, 2017, Timothy Moncier ("Plaintiff") filed his Complaint in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District, and the case was docketed at Case No. CT-004933-17.

2.      OptumRx, Inc. was served with a copy of the summons and above-referenced Complaint on December 4, 2017.  Copies of the documents received are attached hereto as Exhibit A.

3.      BriovaRx, LLC was served with a copy of the summons and above-referenced Complaint on December 4, 2017.  Copies of the documents received are attached hereto as Exhibit B.

4.      The Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District is located within the district of the United States District Court for the Western District of Tennessee.

5.      Venue is proper in this Court, as any civil action for which a district court has original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.      Because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1332, as will be discussed more fully below, and Defendants have satisfied the procedural requirements for removal pursuant to 28 U.S.C. §§ 1441 and 1446, this case is properly removed to this Court.

## DIVERSITY JURISDICTION

7.      This Court has original, diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs. *Id.*; *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

**A.      The Parties Are Completely Diverse.**

8.      Complete diversity exists between the relevant parties to this action.

2

9.      As alleged in the Complaint, "Plaintiff Timothy Moncier is an adult resident citizen of Shelby County, Tennessee, residing therein at 3547 Skylight Drive, Bartlett, Tennessee 38135." (Complaint, ¶ 1).

10.     Plaintiff further alleges in his complaint that "Defendant OptumRx, Inc. . . . is a California for-profit corporation." (*Id.* at ¶ 2).   For purposes of diversity, a corporation is considered a citizen of its state of incorporation and of its principal place of business. 28 U.S.C. § 1332(c)(1); *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). OptumRx, Inc.'s state of incorporation and principal place of business are both in California. *See* Filing Information from the California Secretary of State for OptumRx, Inc., attached hereto as Exhibit C.  Thus, OptumRx, Inc. is deemed a citizen of California.

11.     Plaintiff further alleges in his complaint that "Defendant BriovaRx, LLC . . . is an Alabama limited liability company . . . and maintains its principal office at 1600 McConnor Parkway, Schaumburg, Illinois 60173-6801." (Compl., ¶ 3).  For purposes of diversity, a limited liability company has the citizenship of each of its partners or members. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  The sole member of BriovaRx, LLC is BriovaRx of Maine, Inc. *See* Filing Information from the Alabama Secretary of State for BriovaRx, LLC, attached hereto as Exhibit D.   In turn, BriovaRx of Maine, Inc. is a Maine corporation with a principal place of business in Illinois. *See* Filing Information from the Maine Secretary of State for BriovaRx of Maine, Inc., attached hereto as Exhibit E.   Thus, BriovaRx, LLC is deemed a citizen of Maine and Illinois.

12.     Therefore, Plaintiff and all Defendants are citizens of different states.

4835-6989-1417 v1
2917910-000113 01/03/2018

**B.      The Amount in Controversy Exceeds $75,000.**

13.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.
Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is
based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

14.      "A defendant requesting removal pursuant to § 1441(a) on diversity grounds
'need only include only a plausible allegation that the amount in controversy exceeds the
jurisdictional threshold in the removal notice.'" *Griffith v. Aleman*, No. 15-1302, 2016 WL
2869794, at *2 (W.D. Tenn. May 17, 2016) (quoting *Dart Cherokee Basin Operating Co., LLC
v. Owens*, 135 S. Ct. 547, 554 (2014)). "A court should determine the amount in controversy
from the prospective of the plaintiff, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401,
407 (6th Cir. 2007), at the time of removal, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872
(6th Cir. 2000)." *Id.*

15.      "Failure to adequately plead the amount in controversy requirement may be cured
by the presence of clear allegations . . . that the case involved a sum well in excess of the
$75,000 minimum." *Id.* (quoting *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573
(6th Cir. 2001) (quotation marks and internal citation omitted)). In cases where a plaintiff does
not specify the amount of damages he seeks to recover, the defendant satisfies its burden by
proving by a preponderance of the evidence, or that it is "'more likely than not,'" that the amount
in controversy exceeds $75,000. *Id.* (quoting *Everett v. Verizon Wireless Inc.*, 460 F.3d 818, 822
(6th Cir. 2006), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

16.      Here, Plaintiff alleges that Defendants negligently failed to provide Plaintiff his
prescribed medication which resulted in "excruciating pain and suffering, . . . a prolonged

hospital stay, . . . and permanent physical and mental injuries, which will require additional future medical treatment." (Compl, ¶¶ 13, 16).

17. Upon information and belief, the amount in controversy exceeds the jurisdictional minimum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00). While Plaintiff does not allege any specific amount of damages in his Complaint, the amount in controversy likely exceeds the jurisdictional minimum based on: the nature of the allegations, the broad request for "judgment and award of compensatory damages against the Defendants in such an amount as may be fair and reasonable to a jury," and the multiple classes of damages claimed by Plaintiff including, but not limited to:

    i. excruciating, debilitating, and conscious physical, emotional, and mental;
    ii. pain and suffering;
    iii. humiliation, embarrassment, degradation, and fright;
    iv. loss of dignity and respect;
    v. *significant* medical expenses of a past, present, and figure nature;
    vi. the loss of earnings and earning capacity; and
    vii. all such other relief, both general and specific, to which Plaintiff may be entitled under the premises pursuant to applicable law.

(Complaint, ¶ 23) (emphasis added).

18. While Defendants deny that Plaintiff is entitled to any damages whatsoever, a fair reading of the Complaint clearly evidences an amount in controversy in excess of the requisite Seventy-Five Thousand Dollars and Zero Cents ($75,000.00). *See Hayes v. Equitable Energy resources Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001) (holding that defendant satisfied amount in controversy requirement for removal of a diversity action even though plaintiff did not specify the amount of damages it was seeking in its pleading).

19. For these reasons, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

**FEDERAL QUESTION**

20.    The Complaint alleges failure to provide insurance benefits to Plaintiff. Accordingly, this Court has original jurisdiction over Plaintiff's action under the provisions of 28 U.S.C. § 1331.

21.    Specifically, this is an action related to benefits arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").  29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the District Courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA.  Defendants assert that this action arises under federal law, and this Court has original jurisdiction.

22.    Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are preempted by ERISA and come within the scope of Section 1132(a) are removable to Federal Court under 28 U.S.C. § 1441(a) as an action arising under federal law, even if the defense of ERISA preemption does not appear on the face of the complaint.  *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed.2d 55 (1987).  The requisite federal question exists, as provided in 28 U.S.C. § 1331.

**PROCEDURAL REQUIREMENTS**

23.    Pursuant to 28 U.S.C. § 1446(a), a copy of the all process and pleadings are attached hereto as Collective Exhibit F.

24.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of receipt "by the defendant(s), through service or otherwise, of a

4835-6989-1417 v1
2917910-000113 01/03/2018

copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

25.    Pursuant to 28 U.S.C. § 1446(d), Plaintiff will be served with written notice of removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District.  Copies of these documents are attached hereto as Exhibit G.

26.    By filing the instant Notice of Removal, Defendants do not waive, and fully reserve, all defenses they may have, including but not limited to, defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

27.    WHEREFORE, Defendants requests that the above-captioned action now pending in Shelby County Circuit Court be removed to the United States District Court for the Western District of Tennessee, and that the District Court assume jurisdiction over this lawsuit.

This the 3rd day of January, 2018.

Respectfully submitted,

/s/ Mitchell S. Ashkenaz
Quinn N. Carlson (TN. Bar No. #25603)
Mitchell S. Ashkenaz (TN. Bar No. #34129)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103

Errol J. King (LA. Bar No. #17649)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
450 Laurel Street, 20th floor
Baton Rouge, LA 70801

*Attorneys for OptumRx, Inc. & BriovaRx, LLC*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of January, 2018, a true and correct copy of the foregoing document has been served upon the following Counsel of record via e-mail transmittal and/or facsimile transmittal and/or via United States First Class Mail, postage prepaid:

J. Mark Benfield (TN. Bar No. #18541)
APPERSON CRUMP PLC
6070 Poplar Ave., Suite 600
Memphis, Tennessee  38119
(901) 756-6300

/s/ Mitchell S. Ashkenaz
Mitchell S. Ashkenaz

8